Filed 7/9/26  P. v. Hollingworth CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

PAUL HOLLINGWORTH,

     Defendant and Appellant.

A173884

(Sonoma County
Super. Ct. No. SCR-753072-1)

Defendant Paul Hollingworth's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Hollingworth was informed of his right to file a supplemental brief, but he did not do so.  We have reviewed counsel's brief and have independently reviewed the record.  We find no errors or other issues requiring further briefing.  Accordingly, we affirm.

### BACKGROUND

On March 30, 2022, Hollingsworth was charged in a felony complaint with one count of failure to update registration annually in violation of Penal Code[1] section 290.012, subdivision (a), a felony, with several factors in aggravation alleged.  He pled no contest to that count on August 26, 2022, conditioned on the court's indication that he would be placed on 24 months

---

[1] All statutory references are to the Penal Code.

probation with "standard terms." On September 22, 2022, the court pronounced judgment in accordance with the plea agreement. Imposition of sentence was suspended and Hollingworth was placed on formal probation and ordered to serve 180 days in custody. The court did not order a treatment program at that time, but stated that if probation believed there was "something that needs to be addressed" with defendant, it could add the matter to calendar to "discuss modification."

On May 25, 2023, the probation department filed a formal request to modify Hollingworth's probation to direct him to participate in the SAFER program, a sex offender treatment program, noting that he had never completed a sex offender treatment program in Washington state, where he was originally convicted of the offense that resulted in his registration requirement. On June 1, 2023, the court modified probation accordingly.

On February 22, 2024, the probation department filed a petition alleging Hollingworth was in violation of his probation, noting among other things that he had been terminated from the SAFER program based on his continuing failure to abide by terms and conditions of the program, possession of pornography, use of alcohol, and failure to attend program meetings. Hollingworth admitted the violation on March 13, 2024, and the court reinstated probation on new terms and conditions, including requiring him to serve the balance of the 180-day sentence that had been imposed at the outset. Hollingworth signed a document acknowledging the new terms and conditions of probation.

On April 9, 2024, the probation department filed another petition alleging violation of probation, which Hollingworth admitted on May 1, 2024. He was again reinstated on probation with an additional term regarding alcohol.

On August 23, 2024, the probation department filed another petition alleging violation of probation alleging that Hollingworth had been terminated from the SAFER program, failed to report to a meeting with probation, and refused to come out of his house when asked by probation and sheriff deputies. Probation was summarily revoked and a bench warrant was issued.

The probation department subsequently reported that, according to the "probable cause statement" and police report, on September 5, 2024, deputies attempted to locate and arrest Hollingworth at a local restaurant where he was employed and currently working a shift. Deputies requested the manager to advise Hollingworth that she needed to speak to him outside. The manager reported a few minutes later that she thought Hollingworth was trying to run out the back of the restaurant. A deputy saw defendant attempting to leave by a side door, ordered him to get down "in the prone position; however, he refused to comply." Eventually he was arrested, transported, and booked into custody for his outstanding warrant and charged with a misdemeanor violation of section 148, subdivision (a). A search of Hollingworth's vehicle turned up a smart phone with the Snapchat app downloaded and in apparent active use. Probation alleged this was also a violation of the terms of his probation which prohibited an account on any social networking site that allows access to children under the age of 18 or allows for exchange of sexually explicit material or chat conversations without the prior approval of probation. Probation recommended that the court deny reinstatement of probation and commit Hollingworth to state prison for the middle term two years (its original sentencing recommendation at the time the trial court suspended imposition of sentence and placed Hollingworth on probation), and reiterated the circumstances in aggravation

and in mitigation as set out in its original presentence report filed September 20, 2022.

On September 30, 2024, Hollingworth made a *Marsden*[2] motion to have his appointed counsel removed and new counsel appointed. The trial court denied the motion after an in camera hearing.

On December 9, 2024, new counsel (Jonathan B. Steele) substituted in for Hollingworth, made a general appearance, and asked to vacate the probation violation hearing set for the following week so he could obtain discovery, meet Hollingworth, and discuss the matter with the prosecution, and then set a date for disposition or setting. The court agreed. At a hearing on December 17, defense counsel again requested additional time to complete his investigation before setting the matter for hearing or admission. The court again agreed.

The matter was heard and reset several times. On June 25, 2025, Hollingworth was fully advised of his rights, and indicated he wanted to admit a violation of probation and waive his right to a hearing. The court found his waiver of rights to be knowing, voluntary and intelligent, and accepted Hollingworth's admission that he was in violation of his formal probation by failing to obey all laws and to obey all of the probation terms for which he was ordered. The court terminated probation and sentenced Hollingworth to the midterm of two years state prison. The misdemeanor was apparently dismissed. The matter was put over for further calculation of credits. On June 27, the court awarded Hollingworth 780 days of custody credits which resulted in a "paper commitment," and he was released from custody and ordered to report to parole.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

4

Hollingworth filed a timely notice of appeal.  He sought a certificate of probable cause on allegations of ineffective assistance of counsel, which was denied.

## DISCUSSION

We have reviewed the record on appeal, including the sealed transcript of the *Marsden* hearing, for any arguable issues.

Hollingworth was sentenced after he admitted a probation violation and did not obtain a certificate of probable cause.  Any issues as to the validity of the admission of his probation violation are not before us.  Before entering his plea, Hollingworth was advised of his rights and understood his rights, including the rights he was waiving.  The court found he had knowingly, voluntarily and intelligently waived his rights and his admission was voluntary.

## DISPOSITION

The sentence imposed appears to be authorized by law.  We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.

The judgment is affirmed.

_____

Miller, J.

WE CONCUR:


_____

Richman, Acting P. J.


_____

Desautels, J.


A173884, *People v. Hollingworth*